IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No.: 17-20525 |
| ) | |
| UNIQUE VENTURES GROUP, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Docket No. _____ |
| UNIQUE VENTURES GROUP, LLC, ) | Related Docket No._____ |
| ) | |
| Movant, ) | |
| ) | Hearing Date and Time: |
| ) | March 23, 2017 @ 10:00 a.m. |
| v. ) | |
| ) | Response Date: March 6, 2017 |
| NO RESPONDENTS. ) | |

**APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY
AND RETAIN LEECH TISHMAN FUSCALDO & LAMPL, LLC AS COUNSEL
*NUNC PRO TUNC***

Unique Ventures Group, LLC (the "Debtor" or "UVG"), hereby files this Application for Order Authorizing Debtor to Employ and Retain Leech Tishman Fuscaldo & Lampl, LLC as Counsel, *Nunc Pro Tunc* (the "Application") respectfully representing as follows:

**JURISDICTION**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue of the Debtor's Chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.  On February 13, 2017 (the "Petition Date"), Eric Bononi of Bononi & Company P.C., in his capacity as Temporary Receiver of UVG (the "Temporary Receiver") pursuant to an Order dated October 13, 2016 in the Court of Common Pleas of Allegheny County Pennsylvania

1

at Case No. GD 16-002322 (the "Temporary Receivership"), filed a voluntary petition for relief under Chapter 11 of Title 11 the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at the above-captioned case number.

4. Upon the filing of the Debtor's Petition, the Temporary Receivership was terminated. The Temporary Receiver is a custodian subject to § 543(a) of the Bankruptcy Code and shall return the Debtor's assets pursuant to § 543(b) of the Bankruptcy Code. The Debtor shall manage its business as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. At no point was the Temporary Receiver installed as the Chief Executive Officer or Chief Restructuring Officer as he identifies himself in pleadings filed in this bankruptcy case. At this time, no trustee, examiner or creditors' committee has been appointed in the Debtor's case.

5. UVG is a Pennsylvania Limited Liability Company, organized and existing under the laws of Pennsylvania with an address of 231 Chestnut Street, Suite 302, Meadville, PA 16335.

6. By this Application, the Debtor seeks entry of an Order, pursuant to §§ 327 and 328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of Leech Tishman as counsel for the Debtor to provide the services described herein and in the Affidavit of Patrick W. Carothers, Esq. annexed hereto as Exhibit A (the "Affidavit").

**SERVICES TO BE RENDERED**

7. The Debtor expects various legal issues to arise in the administration of this bankruptcy that will require the services of experienced and competent bankruptcy counsel.

8. The Debtor seeks to employ Patrick W. Carothers, David W. Lampl, John M. Steiner, Gregory W. Hauswirth and the law firm of Leech Tishman Fuscaldo & Lampl, LLC ("Leech Tishman"), attorneys duly admitted to practice in the Bankruptcy Court.

9. The Debtor has selected Patrick W. Carothers, David W. Lampl, John M. Steiner, Gregory W. Hauswirth and Leech Tishman because they have had considerable experience in bankruptcy matters, and the Debtor believes that Leech Tishman is well-qualified to represent the Debtor as a debtor-in-possession in this proceeding.

10. The professional services that Leech Tishman are to render include:

   a. Providing the Debtor legal advice with respect to its powers and duties as a debtor-in-possession in the operation of its business and management of its property;

   b. Assisting the Debtor with the preparation of its Schedules, Statement of Financial Affairs, Applications, Answers, Orders, reports, and any other necessary legal papers;

   c. Providing legal services to the Debtor in connection with the formulation and implementation of a plan of reorganization; and

   d. Performing all other legal services for the Debtor as debtor-in-possession, which may be necessary.

## CONFLICTS

11. To the best of the Debtor's knowledge, information and belief, and except or described below, Leech Tishman: (a) does not have any connection with the Debtor, this Court, the United States Trustee, any person employed in the Office of the United States Trustee, or their respective attorneys and accountants, except as set forth in the attached Affidavit; (b) is a

"disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code; and (c) does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters on which Leech Tishman is to be employed:

    a. Leech Tishman currently represents Edward H. Wethli, individually, and, Ed's Beans, Inc. d/b/a Kiva Han Coffee in an unrelated matter captioned *Frederick F. Smallhoover v. Edward H. Wethli, individually, and, Ed's Beans, Inc. d/b/a Kiva Han Coffee* (collectively "Ed's Beans") in the Court of Common Pleas of Allegheny County, Pennsylvania, GD-13-018996 (the "Proceeding"). Ed's Beans is not a creditor of the Debtor. Ed's Beans does not have claims against UVG and UVG is not a party to the Proceeding. However, in the course of representing Ed's Beans in the Proceeding, Leech Tishman caused a subpoena to be served on UVG seeking to obtain certain information from UVG relevant to the Proceeding, and, ultimately filed in the Proceedings a motion to compel compliance with the subpoena. That matter remains pending, however, Ed's Beans will be seeking to retain separate special counsel for the purpose of enforcing compliance with the subpoena against UVG. Leech Tishman does not believe that the representation of Ed's Beans in this unrelated matter is a conflict, or otherwise renders it not "disinterested" with the meaning of 11 U.S.C. § 101(14);

    b. Leech Tishman currently represents Waste Management in various unrelated business and real estate transactions. Leech Tishman has not and will not represent Waste Management in this matter. Leech Tishman does not believe that the representation of Waste Management in unrelated matters is a conflict,

4

or otherwise renders it not "disinterested" with the meaning of 11 U.S.C. § 101(14); and

c. John M. Steiner currently serves as Chapter 7 Trustee for the Estate of Castle Cheese, Inc. at Case No. 14-22214. On October 27, 2015, the Temporary Receiver and Bononi & Company were retained by John M. Steiner, in his capacity as Chapter 7 Trustee, to provide accounting services to Castle Cheese, Inc. Leech Tishman has not and will not represent Waste Management in this matter. Leech Tishman does not believe that this relationship with the Temporary Receiver on this unrelated matter is a conflict, or otherwise renders it not "disinterested" with the meaning of 11 U.S.C. § 101(14); and

d. Leech Tishman had a prior financial relationship with Norma Hildenbrand, Esquire, who is a staff attorney with the Office of the United States Trustee for the Western District of Pennsylvania. Prior to accepting a position with the Office of the United States Trustee, Ms. Hildenbrand was in private practice as Norma Hildenbrand, Esq. P.C. At the time Ms. Hildenbrand became a staff attorney for the Office of the United States Trustee, there was an agreement with Leech Tishman under which Norma Hildenbrand, Esq. P.C. referred certain matters (other than bankruptcy matters) to Leech Tishman. Leech Tishman does not believe that this arrangement represents a conflict, or otherwise render it not "disinterested" with the meaning of 11 U.S.C. § 101(14).

12. Given the underlying circumstances surrounding the filing of the Debtor's Chapter 11 Petition and the Temporary Receivership, Leech Tishman expect to receive a retainer in this case of $7,500 on behalf of the Debtor funded by certain members of the Debtor, namely the Sabatini Family Limited Partnership, Jack Kuhn and Future663, LP. Leech Tishman does not believe that the funding of the retainer by the members of the Debtor on behalf of the Debtor represents a conflict, or otherwise renders it not "disinterested" with the meaning of 11 U.S.C. § 101(14).

## COMPENSATION

13. In accordance with section 330(a) of the Bankruptcy Code and subject to the Court's approval, Leech Tishman will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates, as they may change from time to time, in effect on the date services are rendered, plus actual, necessary out-of-pocket expenses it may incur. Leech Tishman's current hourly rates for its professionals and paraprofessionals are as follows:

| | |
|---|---|
| Partner Time | $235.00 to $625.00/hour |
| Associate Time | $180.00 to $240.00/hour |
| Paralegals and Law Clerks | $55.00 to $190.00/hour |

14. These hourly rates are subject to periodic adjustments to reflect economic and other conditions usually on January 1st of each year. Leech Tishman may make periodic applications for interim compensation.

15. Leech Tishman will submit interim and final applications for compensation and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and any relevant orders of this Court.

16. To the best of the Leech Tishman's knowledge, information, and belief, and to the extent not otherwise disclosed in this Application, no promises have been received by Leech Tishman or by any member, counsel, or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. To the best of the Leech Tishman's knowledge, information, and belief, Leech Tishman has no agreement with any other entity to share with such entity compensation received by Leech Tishman in connection with this chapter 11 case.

17. Except as may be disclosed in this Application and the Affidavit, Leech Tishman represents no interest adverse to the Debtor or the bankruptcy estate in matters upon which they are to be engaged.

## BASIS FOR RELIEF REQUESTED

18. For the reasons discussed above, the Debtor believes that cause exists for the retention of Leech Tishman as its counsel in these proceedings.

19. The Debtor submits that Leech Tishman's employment would be in the best interest of the Debtor's bankruptcy estate.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court enter an Order, substantially in the form attached hereto, authorizing and approving the Debtor's engagement and employment of David W. Lampl, John M. Steiner, Patrick W. Carothers, Gregory W. Hauswirth and Leech Tishman to represent it in this case under Chapter 11 of the Bankruptcy Code, as of February 13, 2017, and granting such other and further relief as may be just and proper.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Date: February 14, 2017     By: /s/ *Patrick W. Carothers*
Patrick W. Carothers
PA I.D. No. 85721
pcarothers@leechtishman.com
David W. Lampl, Esquire
PA I.D. No. 28900
dlampl@leechtishman.com
John M. Steiner
PA I.D. No. 79390
jsteiner@leechtishman.com
525 William Penn Place, 28th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-1600
*Proposed Counsel for the Debtor*