UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
Liberty Center, Suite 970
Pittsburgh, Pennsylvania 15222
Telephone: (412) 644-4756
Facsimile: (412) 644-4785

Norma Hildenbrand (PA I.D. #70421)
Norma.L.Hildenbrand@usdoj.gov

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| UNIQUE VENTURES GROUP, LLC | CASE NUMBER: 17-20526 TPA |
| | CHAPTER 11 |
| DEBTOR. | |
| _____ | Doc. No. |
| UNITED STATES TRUSTEE, | |
| MOVANT, | Hearing Date and Time: |
| v. | Response Deadline: |
| UNIQUE VENTURES GROUP, LLC, ERIC BONONI, ESQ. | |
| RESPONDENT. | |

EXPEDITED MOTION
FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

TO THE HONORABLE THOMAS P. AGRESTI
UNITED STATES BANKRUPTCY COURT:

1

COMES NOW, THE UNITED STATES TRUSTEE through his undersigned counsel, who respectfully files this Expedited Motion for Appointment of Chapter 11 Trustee and represents as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157. Venue in this district and of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307.

The United States Trustee is charged with certain administrative responsibilities pursuant to 28 U.S.C. § 586(a)(3), which include the supervision of the administration of cases pending under Chapter 11. 28 U.S.C. § 586(a)(3)(G) requires the United States Trustee to monitor the progress of cases under title 11 and take such actions as the United States Trustee deems appropriate to prevent undue delay in such progress.

**BACKGROUND**

1. Unique Ventures Group, LLC ("Debtor") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code on February 13, 2017. There has not been a general unsecured creditors committee appointed in this case as of the date this motion is filed.

2. This chapter 11 case was commenced by Eric Bononi, Temporary Receiver, appointed by the Honorable Christine A. Ward, by Order dated October 13, 2016 in the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to the Civil Action *Unique Ventures*

*Group, LLC v. J. Michael Sabatini, Joseph E. Rusnock, Arthur J. Bedway, Jr. and Steven Maglin,* GD 16-002322.

3. The Complaint filed by Unique Ventures February 16, 2016 in the Court of Common Pleas attached a list of the members of the Debtors and their ownership interest:

- 19%   Sabatini Family Limited Partnership  (J. Michael Sabatini, General Partner)
- 30%   Michael I. Frangoulis Family Limited Partnership (Michael I. Frangoulis, General Partner
- 17%   Jack Kuhn
- 34%   Future663, LP (Michael Rusnock, General Partner)

4. The Complaint in the Court of Common Pleas alleged misconduct by Mr. Sabatini and Mr. Rusnock which included allegations of *inter alia* improper usurping control of bank accounts, usurping control of store revenue, making unauthorized payments to themselves for their own benefit, initiating litigation on behalf of the Debtor without corporate authorization, misappropriation of assets, negotiating contracts on behalf of the Debtor for the purpose of receiving kickbacks, and using the Debtor's credit for personal use.

5. After becoming Temporary Receiver, Mr. Bononi identified that the Debtor accumulated "delinquent Pennsylvania Sales Tax, Ohio Sales Tax, and Federal Employee Withholding Taxes in the collective amount of $1,824,293." *See* Motion of Debtor Pursuant to 11 U.S.C. § 543(d) to Excuse Compliance with Requirements of 11 U.S.C. § 543(a) and (b), Doc. No. 31, p.5 ¶17 (the "543 Motion").

6. The term of the Temporary Receiver set forth by Judge Ward is "for the period commencing on the Effective Date and ending upon final disposition of Unique's request for declaratory judgment herein (Verified Complaint Counts I and II)[1] or otherwise by further Order of Court (the 'Appointment')."

7. The Order also sets forth that "[d]uring the Appointment the Temporary Receiver shall be substituted for and displace the Executive Committee of Unique and shall have full authority to exercise all powers and authority given to the Executive Committee by the Amended Operating Agreement of Unique Venture Group, LLC dated July 31, 2015 (the 'Amended Operating Agreement')."

8. Following the filing of the voluntary petition in Bankruptcy Court, Leech Tishman Fuscaldo & Lampl, LLC ("Leech Tishman") filed an application for Order Authorizing Debtor Employ and Retain Leech Tishman Fuscaldo & Lampl, LLC as Counsel *Nunc Pro Tunc*. Doc. No. 15. The Application filed by Leech Tishman discloses that their retainer is funded by the Sabatini Family Limited Partnership, Jack Kuhn and Future663, LP.

---

[1] Count I of the Civil complaint requested that the Court "issue a declaratory judgment pursuant to 42 Pa.Cons. ann §§ 7531 *et seq.,* declaring that (i) management and control of Unique is vested exclusively in the four-person Executive Committee, as determined by the majority vote thereof, as set forth in the Amended Operating Agreement and (ii) Defendants Sabatini and Rusnock have no authority to act (either alone or in concert) for or on behalf of Unique, or to bind Unique or control its business and financial affairs, unilaterally and without the knowledge or authority of the Executive Committee.

Count II requests that the Court "issue a declaratory judgment pursuant to 42 Pa.Cons.ann. §§ 7531 *et seq.* declaring that any conduct or actions of Sabatini and Rusnock, purporting to act unilaterally for and on behalf of Unique, was *ultra vires* and without legal basis and is of no legal force or effect."

9. Mr. Bononi has also filed with this Court the 543 Motion seeking "entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 543(d) (i) authorizing the Receiver to remain in possession, custody, and control of the Debtor's properties under 11 U.S.C. § 543(d); (ii) excusing the Receiver from complying with any turnover or other requirements under 11 U.S.C. §§ 543(a) and (b), to the extent applicable; and (iii) authorizing the Receiver to maintain and operate estate property in the ordinary course of business pursuant to the Receivership Order and 11 U.S.C. §§ 1107 and 1108. Doc. No. 31).

10. The United States Trustee will also file an Objection to the 543 Motion which will ask this Honorable Court to deny the requests for relief by Mr. Bononi and herein asks that the Court enter an Order for the appointment of a chapter 11 trustee.

## **APPOINTMENT OF CHAPTER 11 TRUSTEE OR EXAMINER**

11. The United States Code provides for the appointment of a trustee:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee:

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause ... or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate.

11 U.S.C. § 1104(a).

12. A determination of "cause" under subsection (1) is within the court's discretion. *In re Sharon Steel Corp*, 871 F.2d 1217, 1226 (3d Cir. 1989). However, once cause is shown, the court must appoint a trustee. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3d Cir. 1998); *Sharon Steel* 871 F.2d at 1226.

**The Court Cannot Not Grant Control of the Debtor to the State Court Receiver Under 11 U.S.C. § 105(b).**

13. Section 101(11)(A) of the Code provides that a "custodian" includes any "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title." 11 U.S.C. § 101(11). Applying the plain language of the statute, courts routinely find that receivers appointed by both federal and state courts are bankruptcy custodians. *See, e.g.*, *In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402 (9th Cir. 1992) (receiver appointed by federal district court found to be custodian); *Paone v. Peck (In re Peck)*, 2014 WL 2882438 (Bankr. S.D. Fla. 2014) (receiver appointed by New Jersey state court was custodian).

14. Section 105(b) makes clear that the bankruptcy court "may not appoint a receiver in a case under this title." "[T]he bankruptcy judge is prohibited from appointing a receiver … under any circumstances. The Bankruptcy Code has ample provision for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures." H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977).

15. Here, Mr. Bononi was appointed Custodian and Receiver over the Debtor and its assets by the Court of Common Pleas effective October 13, 2016. Mr. Bononi continued to serve as Custodian and Receiver as of the Petition Date and, upon information and belief, has not been discharged from that appointment.

16.     Because Mr. Bononi is a receiver over property of the Debtors appointed in a nonbankruptcy case, he is plainly a "custodian" pursuant to 11 U.S.C. § 101(11)(A).

17.     Although the Temporary Receiver Appointment displaced the Executive Committee during the pendency of the Civil Action in the Court of Common Pleas of Allegheny County, that Court does not have jurisdiction over bankruptcy cases.  *See* 28 U.S.C. §§ 1334(a) and 157(a) (providing the federal district court with original and exclusive jurisdiction over bankruptcy cases).

18.     The Court of Common Pleas cannot decide whether a receiver may manage a debtor in possession, whether a receiver may file documents and prosecute bankruptcy cases on behalf of a debtor, whether the debtor may employ professionals, and whom the debtor is authorized to employ leading to abdication of this Court's original and exclusive jurisdiction over bankruptcy cases.

19.     Taken together, sections 105(b) and 543 demonstrate that the "authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as debtor in possession or a chapter 11 trustee."  *Roxwell Performance*, 2013 WL 6799118 at *4; *see also In re 400 Madison Ave. Ltd. P'shp*, 213 B.R. 888, 894-895 (Bankr. S.D.N.Y. 1997) (stating that "the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession").  In *Roxwell Performance*, the bankruptcy court held that a prepetition receiver became a custodian when he filed a bankruptcy case and, that as a custodian, was not permitted to manage the chapter 11 affairs of the debtor company.  In arriving at this conclusion, the court found that (a) the Code failed to provide any avenue for a receiver-turned-custodian to commence avoidance actions and (b) that "a blanket authorization

of a receiver's possession of the debtor's assets and continued management of its affairs" would be the "functional equivalent" of a prohibited receiver under section 105(b).

20. The prepetition Order for the Appointment of a Temporary Receiver cannot require a bankruptcy court to violate the Bankruptcy Code by allowing a receiver to administer a debtor's estate in contravention of 11 U.S.C. § 105(b).  *See Roxwell Performance Drilling,* 2013 WL 6799118, at *4 (finding that "the receiver as custodian is an entity separate from the trustee or debtor in possession" and stating that "the Court fails to discern how a blanket authorization of a receiver's possession of the debtor's assets and continued management of its affairs is not the functional equivalent of the appointment of a receiver in the bankruptcy case, a result specifically proscribed by § 105(b).").

**The Court Should Not Allow Turnover of Control to the Member Managers**

21. Section 1104 of the Bankruptcy Code addresses the appointment of a Chapter 11 trustee and provides in part:

> (a) at any time after the commencement of the case but before confirmation of a plan, on request of a party-in-interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders as securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. §1104(a)(1) and (2).

22. Under section 1104(a) of the Bankruptcy Code, the appropriateness of the decision to appoint a Chapter 11 trustee turns upon whether there is sufficient cause or, in the alternative, a showing that the appointment of a Chapter 11 trustee would be in the best interests of the creditors and the estate. *Sharon Steel*, 871 F.2d at 1226.

Section 1104(a)(1)

23. A debtor-in-possession owes a fiduciary duty to its creditors. *In re G-I Holdings, Inc.,* 385 F.3d 313, 319 (3d Cir. 2004).

24. A debtor-in-possession's fiduciary obligation to its creditors includes the duty to protect and conserve property in its possession for the benefit of its creditors, and refrain from acting in a manner which could damage the estate or hinder a successful reorganization of the business. *In re Sharon Steel Corp.,* 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988), *aff'd* 871 F.2d 1217 (3d Cir. 1989).

25. The Bankruptcy Code does not define "cause" under Section 1104. However, cause exits under 1104(a)(1) when a debtor engages in conduct such as fraud, dishonesty, or gross mismanagement. Section 1104 does not limit the grounds for appointment of a Chapter 11 trustee to those examples enumerated in the section. *Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.),* 833 F.2d 1133, 1136 (10th Cir. 1988). If the court determines that cause exists to appoint a Chapter 11 trustee, the court must order the appointment. *In re Sharon Steel*, 871 F.2d at 1226; *In re AG Serv. Center, L.C.*, 239 B.R. 545, 550 (Bankr. W.D. Mo. 1999); *In re Colorado - UTE Elec. Ass'n*, 120 B.R. 164 (Bankr. D. Colo. 1990).

26. The list of enumerated causes is not exhaustive and a court may consider whatever relevant factual circumstances exist. *Colorado-Ute Electric*, 120 B.R. at 174. In particular, two circuits have held that "cause" exists when the appointment of a chapter 11 trustee "is the only effective way to pursue reorganization." *Cajun Elec. Power Coop. v. Central La. Elec. Coop. (In re Cajun Elec. Power Coop.)*, 74 F.3d 599 (5th Cir. 1996) (adopting on rehearing the dissenting opinion at 69 F.3d 746, 751), *cert. denied*, 519 U.S. 808 (1996); *see also Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 2000) (adopting reasoning of *Cajun Electric* and affirming appointment of trustee when acrimony between debtor's management and creditors undermined any ability to prosecute bankruptcy case). While *Cajun Electric* and *Marvel Entertainment* have factual distinctions, both addressed the underlying problem that exists here: these cases can only proceed in chapter 11 if a trustee is appointed.

27. "Evidence of fraud or dishonesty is not necessary for the court to determine that cause exists for the appointment of a trustee under 11 U.S.C. § 1104(a)(1)" *In re Cajun Electric Power Co-op., Inc.* 191 B.R. 659, 661 (M.D.La. 1995), *aff'd, Matter of Cajun Electric Power Co-op., Inc.*, 74 F.3d 599 (5th Cir. 1996).

28. Taking into account the underlying civil action in the Court of Common Pleas laying out the distrust and acrimony among the members of the Debtor, there is sufficient cause for the Court to find that a chapter 11 trustee should be appointed.

29. By the filing of the Application for Retention of Leech Tishman, prior member managers seek to regain control of the Debtor. Given that the Court of Common Pleas has already displaced management through the appointment of the Temporary Receiver, the remedy for the

fight for control is to appoint a chapter 11 trustee to take control of the Debtor so that the operations of the business can continue with clear authority under the Bankruptcy Code.

Section 1104(a)(2)

30. Even if cause is not found (which is not the case with this Debtor), a court may appoint a trustee under Section 1104(a)(2), if such appointment is in the best interest of creditors or of the estate. *Sharon Steel*, 871 F.2d at 1226. This standard is more flexible than for cause. *Marvel Entertainment*, 140 F.3d at 474. Under Section 1104(a)(2), the courts have considered such factors as the trustworthiness of the debtor and the debtor's past and present performance in regard to the debtor's prospects for rehabilitation. *In re Ionosphere Clubs, In*c., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

31. The Court must appoint a chapter 11 trustee "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(2). Notably, Section 1104(a)(2) of the Code allows appointment of a trustee even when "cause" does not exist. *See Sharon Steel Corp.*, 871 F.2d at 1226. When evaluating the interests of creditors under section 1104(a)(2), courts look to the practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). Accordingly, the standard for appointment of a Chapter 11 trustee under section 1104(a)(2) is flexible. *Marvel Entertainment*, 140 F.3d at 474.

32. At this moment, no party can faithfully and properly prosecute this chapter 11 cases. To fill this leadership vacuum, "cause" exists to appoint a chapter 11 trustee under 11 U.S.C. § 1104(a)(1).

33. The evidence on the record is that the Debtor owes more than $1.8 million in unpaid withholding and sales taxes. These unpaid taxes accrued during the time that the members had control of the Debtor.

34. A chapter 11 trustee should be appointed to take control of the financial affairs of the debtor to ensure the proper payment of all taxes and other financial obligations.

35. In a case similar to the present case, the Bankruptcy Court for the District of Colorado recently found that it was in the best interests of creditors and the estate to appoint a chapter 11 trustee over the request to keep the court-appointed receiver. *In re Ute Lake Ranch, Inc.,* 2016 WL 6472043, *6 (Bankr. D.C. 2016), the Court recognized the practical aspects and skills of the receiver, but the Court nevertheless found that the receiver was a custodian appointed by the State Court and therefore must abide by the requirements of § 543. Also, the Court was concerned about the prior mismanagement by the debtor's principal, and therefore ordered the appointment of a chapter 11 trustee.

36. To enable the case to properly function under chapter 11, the United States Trustee asks the Court to Order the appointment of a chapter 11 trustee.

WHEREFORE, the United States Trustee respectfully moves this Honorable Court to enter an Order Appointing a Chapter 11 trustee pursuant to 11 U.S.C. § 1104, and granting any and all further relief as may be equitable and just.

        Respectfully Submitted,

        ANDREW R. VARA
        ACTING UNITED STATES TRUSTEE

Dated: February 16, 2017        By:    /s/ Norma Hildenbrand
        Norma Hildenbrand, Trial Attorney
        PA ID 70421
        Liberty Center, Suite 970
        1001 Liberty Avenue
        Pittsburgh, Pennsylvania 15222
        (412) 644-4756 Telephone
        (412) 644-4785 Facsimile
        Norma.L.Hildenbrand@usdoj.gov