UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-20526(TPA) |
| | : | |
| UNIQUE VENTURES GROUP, LLC | : | |
| | : | |
|   Debtor. | : | |
| _____ | : | CHAPTER 11 |
| M. COLETTE GIBBONS, as Chapter 11 Trustee, | : | |
| | : | |
|   Movant, | : | |
| | : | |
| v. | : | HEARING DATE & TIME: |
| | : | TBD |
| 3D ACQUISITIONS, LP, ACCESS POINT, INC., BAINBRIDGE LIMITED PARTNERS, ELMHURST PROPERTIES, INC., GAR FIELD CLUB LP, GERALD FRY COMPANY, PERKINS & MARIE CALLENDER'S LLC, PERKINS HOLDINGS, LLC, REINHART FOODSERVICE, LLC, SPIRIT MASTER FUNDING III, LLC, SPIRIT MASTER FUNDING IV, LLC, and SPIRIT FINANCE ACQUISITIONS, LLC, | : : : : : : : : : : : | RESPONSE DATE: TBD |
| | : | |
|   Respondents. | : | JUDGE THOMAS AGRESTI |
| _____ | : | |

**OMNIBUS MOTION OF CHAPTER 11 TRUSTEE TO ESTABLISH CURE AMOUNTS
FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES
PURSUANT TO 11 U.S.C. § 365**

---

**THIS MOTION SEEKS TO ESTABLISH CURE AMOUNTS FOR THE DEBTOR'S
EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES RECEIVING
THIS NOTICE SHOULD LOCATE THEIR NAMES, CONTRACT OR LEASE AND
PROPOSED CURE AMOUNT ON EXHIBIT A TO THIS MOTION.**

---

     M. Colette Gibbons, the Chapter 11 Trustee (the "Trustee") of Unique Ventures Group

LLC (the "Debtor"), by and through her undersigned counsel, hereby moves the Court (the

"Omnibus Motion"), pursuant to section 365 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (the "Bankruptcy Code"), for the entry of an order (a) establishing cure amounts for the assumption and assignment of the Debtor's executory contracts and unexpired leases; and (b) granting related relief.

In support of the Omnibus Motion, the Trustee respectfully represents as follows:

**Background**

1.      On February 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On March 23, 2017, the Court appointed the Trustee as Chapter 11 Trustee for the Debtor and its estate pursuant to an Order (Docket No. 158).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Consideration of this Omnibus Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Debtor's chapter 11 case and this Omnibus Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Respondents are non-Debtor parties to all of the Debtor's known executory contracts and unexpired leases (collectively, the "Contracts and Leases"),[1] listed in the attached Exhibit A.

4.      Contemporaneously with the filing of this Motion, the Trustee filed the *Motion of Chapter 11 Trustee for an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing the*

---

[1] The inclusion of any agreement as a Contract or Lease does not constitute an admission by the Trustee that such agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Trustee expressly reserves the right to challenge the status of any agreement included as a Contract or Lease. The Trustee also reserves her right to supplement the list of Contracts and Leases upon the receipt of any additional information.

{7015421:}                                    2

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C)*
*Granting Related Relief* (the "Sale Motion"), Docket No. 700

5.      Also contemporaneously with the filing of this Motion, the Trustee filed the
*Motion of Chapter 11 Trustee for an Order: (I) Approving Bid Procedures for Sale of*
*Substantially All of the Debtor's Assets; (II) Authorizing and Scheduling an Auction; (III)*
*Scheduling Hearing for Approval of the Sale of the Assets Free and Clear of Liens and the*
*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the*
*Successful Bidder; (IV) Approving Expense Reimbursement; (V) Approving Certain Deadlines*
*and the Form, Manner, and Sufficiency of Notice; and (VI) Granting Other Related Relief* (the
"Bidding Procedures Motion"), Docket No. 701

6.      The Sale Motion and the Bidding Procedures Motion contemplate procedures for
the approval of sale of substantially all of the Debtor's assets and the assignment and assumption
of the Debtor's Contracts and Leases to a successful bidder. Therefore, the Sale Motion
contemplates that this Omnibus Motion will set forth what the Trustee believes are owed to each
Counterparty to an Assigned Contract in order to cure any defaults that exist under such contract
or lease (collectively, the "Cure Amounts") in connection with a sale.  Any counterparty to any
of the Debtor's Contracts or Leases also will receive a copy of the Notice of Bid Procedures,
Auction Date, and Sale Hearing, providing notice of the Trustee's proposed sale process and
setting forth the deadlines to review and object to any Cure Amount or the assumption and
assignment of any Contract or Lease. Pending Court approval, any non-Debtor party to a
Contract or Lease that fails to assert any objection will be forever barred from: (i) objecting to
the Cure Amount applicable to that party's Lease or Contract; and (ii) asserting any additional
Cure Amount or other amounts with respect to that party's Lease or Contract.

## **Relief Requested**

7.      Therefore, the Trustee files this Omnibus Motion in order to determine the amounts that may be required to be paid to the Cure Amounts, if any, under each of the Contracts and Leases if a bidder selects a particular Contract or Lease for assumption and assignment in connection with the sale.

8.      Attached hereto as <u>Exhibit A</u> is a schedule of all of the Debtor's known Contracts and Leases, as well as the associated Cure Amounts for each Contract or Lease.  Pursuant to the terms of that certain asset purchase agreement dated October 12, 2017 (the "Stalking Horse APA") between the Trustee and SFR II Holdings, LLC, a Delaware limited liability company (the "Stalking Horse Bidder"), the Sale Motion and section 365 of the Bankruptcy Code, if the Stalking Horse Bidder is determined by the Court to be the Successful Bidder (as that term is defined in the Bidding Procedures Motion), the Trustee will seek to assume and assign certain Contracts and Leases to the Stalking Horse Bidder subject to the terms of the Stalking Horse APA.  The Stalking Horse Bidder has a deadline for designating what Contracts and Leases it is seeking to have assumed and assigned to it.  The Stalking Horse APA provides for the payment of any Cure Amounts associated with such assumption and assignment.

9.      Moreover, in the event that a Qualified Bidder other than Stalking Horse Bidder is ultimately determined to be the Successful Bidder (as defined in the Sale Motion), pursuant to the terms of the Sale Motion and section 365 of the Bankruptcy Code, the Trustee will seek to assume and assign those Contracts and Leases set forth in the Successful Bidder's asset purchase agreement to the Successful Bidder along with the corresponding payment of any Cure Amounts associated with such assumption and assignment.

10.     If a non-Debtor party to a Contract or Lease disagrees with the Cure Amounts set forth on the attached Exhibit A, then that party must file an Objection to this Omnibus Motion.

11.     The Trustee requests that all Objections to Cure Amounts must (i) be filed with the Court no later than the Court-approved Bid Deadline (as defined in the Bid Procedures Motion); (ii) set forth a detailed statement in support of the claimed Cure Amount (along with supporting documentation); and (iii) be served upon the Trustee's sale counsel: McDonald Hopkins LLC, 600 Superior Ave., East, Suite 2100, Cleveland, Ohio 44114; Attn: Scott N. Opincar, Fax: (216) 348-5474; E-mail: sopincar@mcdonaldhopkins.com.

12.     If any Objection is filed and served in accordance herewith, it will be heard at a date set by the Bankruptcy Court.

13.     Any non-Debtor party to a Contract or Lease that fails to comply with the foregoing requirements shall be forever barred from: (i) objecting to the Cure Amount applicable to that party's Contract or Lease; and (ii) asserting any additional Cure Amount or other amounts with respect to that party's Contract or Lease.

14.     Nothing in this Omnibus Motion or the attached exhibits shall operate to bind the Debtor, the Trustee, the Stalking Horse Bidder or any other bidder or prospective purchaser to request that the Debtor assume and assign, or to accept assignment of, any Contracts or Leases.

### **Notice**

15.     Notice of this Omnibus Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Western District of Pennsylvania; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to Spirit Finance Acquisition; (iv) Perkins and Marie Callender's LLC; (v) the District Director of Internal Revenue; (vi) all known counterparties to the Contracts and Leases; and (vii) all other parties

requesting notice in the Debtor's chapter 11 case.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in substantially the form attached hereto, (i) establishing Cure Amounts for the Contracts and Leases as set forth on <u>Exhibit A</u> attached hereto; and (ii) granting such other and further relief as this Court deems appropriate.

Dated:  October 13, 2017

Respectfully submitted,

/s/ Nicholas R. Pagliari
Nicholas R. Pagliari (PA ID No. 87877)
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507
Telephone: (814) 870-7754
Facsimile: (814) 454-4647
Email: npagliari@mijb.com

COUNSEL FOR CHAPTER 11 TRUSTEE

-and-

/s/ Scott N. Opincar
Scott N. Opincar (0064027)
Michael J. Kaczka (0076548)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
E-mail:  sopincar@mcdonaldhopkins.com
        mkaczka@mcdonaldhopkins.com

SPECIAL COUNSEL FOR CHAPTER 11 TRUSTEE