FILED
10/31/17 11:58 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

UNIQUE VENTURES GROUP, LLC,
*Debtor*

M. COLLETTE GIBBONS, as Chapter 11 Trustee,
*Movant*

v.

3D ACQUISITIONS, LP, *et al.*,
*Respondents*

Case No. 17-20526-TPA

Chapter 11

Related to Doc. Nos. 700, 701, 702, 711, 712, 713

Hearing: November 16, 2017 at 10:30 A.M. and January 9, 2018 at 10:00 AM

## ORDER

The Trustee has filed a *Motion of Chapter 11 Trustee for an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* ("Sale Motion") at Doc. No. 700, a *Motion of Chapter 11 Trustee for an Order: (I) Approving Bid Procedures for Sale of Substantially all of the Debtor's Assets; (II) Authorizing and Scheduling an Auction; (III) Scheduling Hearing for Approval of the sale of Assets Free and Clear of Liens and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the Successful Bidder; (IV) Approving Expense Reimbursement; (V) Approving Certain deadlines and the Form, Manner, and Sufficiency of Notice; and (VI) Granting Other Related Relief* ("Bid Procedures Motion") at Doc. No. 701, and an *Omnibus Motion of Chapter 11 Trustee to Establish Cure Amounts for Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. §365* ("Cure

1

Motion") at Doc. No. 702. Subsequently, the Official Committee of Unsecured Creditors ("the Committee") has filed a *Disclosure Statement*, *Plan*, and *Plan Summary* at Doc. Nos. 711-713, respectively, which include a proposed sale that would be significantly different than the sale as proposed in the *Sale Motion* in that it would include a purchase of real estate owned by the Spirit Entities[1] and leased by the Debtor, as opposed to an assumption of the leases currently held by the Debtor. In order to properly determine the two requests, and as suggested at the October 25, 2017 Status Conference, without objection by any of the interested Parties, it is appropriate to isolate the sale component as proposed by the Committee in its *Plan* so that sale and the sale in the *Sale Motion* can be fairly compared,

*AND NOW*, this **30th** day of ***October, 2017***, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that:

(1) The **Bid Procedures Motion** and the **Cure Motion** are scheduled for hearing ***on November 16, 2017 at 10:30 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16501.

(2) Any ***Response*** to the *Bid Procedures Motion* or the *Cure Motion* shall be filed ***on or before November 13, 2017***.

(3) Now that the Trustee has before her a timeline of events culminating with the sale of the restaurants, which she claimed the absence of which hampered her ability to previously

---

[1] The Spirit Entities as used herein are Spirit Master Funding III, LLC, Spirit Master Funding IV, LLC, and Spirit Finance Acquisitions, LLC.

2

provide, *on or before November 13, 2017,* the Trustee shall file an *Employee Notification Summary* setting forth the procedure she intends to follow to notify current employees of the Debtor as to the proposed sale of the Debtor's assets and how it is likely to impact them.

(4)    *On or before December 29, 2017,* both the Trustee and the Committee shall each file an *Analysis* of no more than two pages setting forth their contention as to how the sale as proposed in the *Sale Motion* and the sale as proposed in the *Plan* compare to each other when the component involving the treatment of the real estate interests of the Spirit Entities is isolated.

(5)    The hearing on the *Sale Motion* is scheduled for *January 9, 2018 at 10:00 A.M.* in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16501.

(6)    Any *Response* to the *Sale Motion* shall be filed *on or before December 29, 2017.*

(7)    The closing following any sale approved at the January 9, 2018 hearing will be required to close *on or before January 31, 2018.*

(8)    A further order as to the *Plan, Disclosure Statement*, and *Plan Summary* will be issued as and when necessary.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
    Nicholas Pagliari, Esq.
    Michael Kaczka, Esq.
    Michael Roeschenthaler, Esq.
    Jerrod Roach, Esq.
    Joel Walker, Esq.
    Michael Kruszewski, Esq.
    Robert Slone, Esq.
    Norma Hildenbrand, Esq.
    M. Collette Gibbons, Esq., Ice Miller, LLP, 600 Superior Ave. East, Ste. 1701, Cleveland, OH 44114