# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CASE NO. 17-20526(TPA) |
| UNIQUE VENTURES GROUP, LLC | |
| | CHAPTER 11 |
| Debtor. | |
| | Related to Docket No. 700 |
| M. COLETTE GIBBONS, as Chapter 11 Trustee, | |
| | HEARING DATE & TIME: January 24, 2018 at 10:00 a.m. (ET) |
| Movant, | |
| | RESPONSE DATE: December 29, 2017 |
| v. | |
| PENNSYLVANIA DEPARTMENT OF REVENUE, ALLY BANK, US FOODS, INC., WARREN COUNTY TAX CLAIM BUREAU, BUTLER COUNTY TAX CLAIM BUREAU, ERIE WATER WORKS, MCKEAN COUNTY TAX CLAIM BUREAU, SPIRIT MASTER FUNDING IV, LLC, SPIRIT FINANCE ACQUISITIONS, LLC, SPIRT MASTER FUNDING V, LLC, and SPIRIT MASTER FUNDING III, LLC, | JUDGE THOMAS AGRESTI |
| Respondents. | |

**ORDER APPROVING MOTION OF CHAPTER 11 TRUSTEE FOR AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND <u>(C) GRANTING RELATED RELIEF</u>**

After a hearing commenced on January 24, 2018 (the "Sale Hearing"): (i) upon due notice to all persons and parties entitled thereto; (ii) upon consideration of the Motion of Chapter 11 Trustee for an Order: (A) Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing the Assumption

{6985557:3}

and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief, Docket No. 700 (the "Sale Motion"); (iii) upon the record made at the auction conducted in open court on January 9, 2018 (the "Auction"); (iv) pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); (v) consistent with Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (vi) based upon pleadings and proceedings of record at the Auction and the Sale Hearing; and (vii) upon determination of this Court, for good and sufficient cause shown, that consummation of the Asset Purchase Agreement, dated as of January 4, 2018 (as may be subsequently amended, the "APA", an executed copy of which is attached as <u>Exhibit A</u> hereto), by and between 5171 Campbell Land Co. LLC (the "Purchaser") and Unique Ventures Group, LLC (the "Debtor), and the sale of substantially all of the Debtor's assets (collectively, the "Acquired Assets," as defined in the APA) and the assumption and assignment of the certain executory contracts and unexpired leases (collectively, the "Acquired Contracts") is in the best interests of the Debtor, its bankruptcy estate, creditors and other parties in interest, this Court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, and made applicable to this proceeding pursuant to Bankruptcy Rule 9014[1]:

A. On October 10, 2017, M. Colette Gibbons, Chapter 11 Trustee (the "Trustee") of the Debtor filed the Sale Motion seeking authorization and approval to consummate the sale of substantially all of the of Debtor's assets and to assume and assign the Acquired Contracts.

B. Proper, timely and adequate and sufficient notice of the Sale Motion, the Auction, and the Sale Hearing been provided on all required parties in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014, and

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

{6985557:3}    - 2 -

Local Rule 6004-1 and such other applicable sections of the Bankruptcy Code, Bankruptcy Rules and Local Rules.  Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Auction and the Sale Hearing is or shall be required.  In compliance with Local Rule of Bankruptcy Procedure 6004-1, the Trustee advertised the Sale Motion, Auction and Sale Hearing in the Erie County Legal Journal on December 15, 2017, in the Erie-Times News on December 15, 2017, and on the Court's Electronic Access to Sales Information website beginning on November 30, 2017.

      C.      At the Auction, the Purchaser was named the "Successful Bidder" and K Investments Limited was named the "Back-Up Bidder" as set forth on the record at the Auction.

      D.      The Trustee has demonstrated (i) a good, sufficient and sound business purpose and justification pursuant to sections 105 and 363 of the Bankruptcy Code, for the sale of the Acquired Assets, and (ii) compelling circumstances for the sale pursuant to section 363(b) of the Bankruptcy Code prior to, in contemplation of, or outside of, a plan of reorganization.

      E.      Assumption and assignment of the Acquired Contracts is proper under section 365 of the Bankruptcy Code and represents the valid and reasonable exercise of the Trustee's business judgment and is in the best interests of the Debtor, its estate, and all parties in interest.

      F.      The Acquired Contracts are an integral part of the Acquired Assets being purchased by the Purchaser and, accordingly, the assumption and assignment of the Acquired Contracts is reasonable and enhances the value of the Debtor's estate.

      G.      The terms and conditions of the APA are non-collusive, fair and reasonable. The APA: (i) was negotiated, proposed and entered into at arm's length, without collusion, and in good faith; and (ii) constitutes the highest or best offer for the Acquired Assets.  Neither the

Trustee nor the Purchaser has engaged in any conduct that would cause or permit the APA to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

H. The consideration to be paid by the Purchaser for the Acquired Assets pursuant to the record made at the Auction and as required pursuant to the APA: (i) is fair and reasonable; (ii) is the highest and best offer for the Acquired Assets; (iii) will provide a higher and better recovery for the Debtor's creditors and other parties in interest than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under applicable non-bankruptcy law.

I. As to all parties identified in the caption hereof (collectively, the "Respondents"), the Trustee may and shall sell the Acquired Assets free and clear of any and all liens, encumbrances, claims, security interests, demands, rights, other interests, debts, or commitments, whether absolute or contingent, matured or unmatured, accrued or unaccrued, asserted or unasserted, liquidated or unliquidated, senior or subordinated, known or unknown, excluding any Assumed Liabilities (defined in the APA) (collectively, the "Interests"), regardless of how or when any such Interests may have arisen or arise, because: (i) applicable non-bankruptcy law permits such a sale; (ii) bankruptcy law permits such a sale; (iii) each applicable creditor consents to the sale as proposed in the Sale Motion or pursuant to the terms of the APA; (iv) if such Interest is a lien or security interest, the aggregate value to be received in consideration of the sale of the Acquired Assets exceeds the value of any liens upon and security interests in the Acquired Assets; (v) applicable creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interests; and/or (vi) this Court, pursuant to its equitable powers and jurisdiction, has the power and authority to authorize and effectuate the sale of the Acquired Assets to the Purchaser free and clear of all Interests.

J. The Purchaser has available or will have available on the Closing (as defined in the APA) all necessary cash and other resources required to consummate the APA in accordance with its terms and has provided adequate assurance of its ability to perform under the Acquired Contracts within the meaning of sections 365(b)(1) and 365(f) of the Bankruptcy Code.

K. The Trustee and the Purchaser have represented that, as of the date of the Sale Hearing, neither is aware of any material breaches of any provisions of the APA.

L. A reasonable opportunity to bid at the Auction or to object or be heard regarding the relief requested in the Sale Motion has been offered to all interested parties.

M. The sale is in good faith, and the Purchaser is a good faith purchaser within the meaning of 363(m) of the Bankruptcy Code and in accordance with In re Abbotts Dairies of Pa., Inc., 788 F.2d 193 (3d Cir. 1986).

N. The amounts necessary to pay the Cure Amounts set forth in the Orders establishing various Cure Amounts evidenced at Docket Nos. 771, 780, 814, 815, 872, and 882 (collectively, the "Cure Amount Orders"), for the Acquired Contracts as set forth on Schedule 1.1(i) of the APA will compensate or provide adequate assurance as provided for in sections 365(b)(1) and 365(f). The Purchaser has provided adequate assurance of future performance as required by sections 365(b)(1) and 365(f) of the Bankruptcy Code.

O. Cause exists to waive the 14-day stay of this Order pursuant to Bankruptcy Rules 6004(h) and 6006(d).

NOW, THEREFORE, based upon the findings of fact and conclusions of law set forth above and the pleadings and proceedings of record at the Auction and the Sale Hearing:

1. The Sale Motion is granted in its entirety as set forth herein. The APA (including all ancillary agreements to which the Debtor is a party and which have been previously identified

to the Court) is hereby approved in all respects and the sale of the Acquired Assets is hereby authorized under, *inter alia*, sections 105(a), 363(b) and 365 of the Bankruptcy Code. To the extent any objections to the Sale Motion have not been withdrawn, waived or resolved, such objections are hereby denied and overruled. In particular, the Limited Objection of Reinhart Foodservice, L.L.C. ("Reinhart") at Docket No. 855 is resolved pursuant to the Stipulation among the Trustee, Reinhart and the Purchaser resolving that limited objection, filed at Docket No. ___ (the "Reinhart Stipulation"), and the Order approving the Reinhart Stipulation (the "Reinhart Order"). To the extent there is any conflict between the specific terms of the Reinhart Order and the terms of this Order, the terms of the Reinhart Order shall control. Notwithstanding any other provision of this Order or the APA, no agreement between the Debtor and Oracle America, Inc. successor in interest to MICROS Systems, Inc., will be assumed and assigned, or transferred, to the Purchaser.

2. The Debtor is hereby authorized and directed to execute, deliver and perform the APA and all agreements and documents contemplated thereby, including, without limitation, (i) delivery of a customary bill of sale for the Acquired Assets; (ii) assignment of the Acquired Contracts on Schedule 1.1(i) to the APA; and (iii) such other documents and other instruments of transfer and conveyance, and to take any and all actions as necessary or appropriate to the performance of the obligations contemplated by the APA, as may reasonably be requested by the Purchaser. The Debtor is hereby further authorized to sell all of its right, title and interest in and to the Acquired Assets to the Purchaser, free and clear of any and all Interests, in accordance with the terms of the APA. The APA is, and shall be, binding upon and enforceable against the Purchaser and the Debtor and its estate, according to its terms.

3. Pursuant to sections 105(a), 363(f) and 365(b) of the Bankruptcy Code and this Court's equitable powers and authority, as to all Respondents, (i) the Trustee shall convey and deliver to the Purchaser good, marketable and transferable title to each of the Acquired Assets in which it has an interest at the Closing (as defined in the APA) under the APA, and the Debtor's conveyance and delivery of title to the Acquired Assets, as to all Respondents, hereby is and shall be free and clear of all Interests in and upon the Acquired Assets, (ii) the transfer of the Acquired Assets shall vest the Purchaser with all right, title and interest in and to the Acquired Assets, and (iii) each of the Acquired Contracts shall be deemed assumed by the Debtor and assigned to the Purchaser as of the Closing Date, as provided in and contemplated and required by the APA with any such modifications as are required thereunder or as mutually agreed by the Purchaser and the counterparty to any Acquired Contract.

4. Except as expressly permitted or otherwise specifically provided by the APA or this Order, all persons and entities holding claims or interests of any kind or nature whatsoever, including the Interests, in or against the Debtor or any of the Acquired Assets, arising under or out of, in connection with, or in any way relating to, the Debtor, the Acquired Assets, or the transfer of the Acquired Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting any claims or interests against the Purchaser, its successors or assigns, its property, or the Acquired Assets.

5. To the greatest extent allowed by applicable law, except as expressly provided in the APA and including but not limited to the Assumed Liabilities, the Purchaser is not assuming nor shall it, in any way whatsoever, be or be deemed to be liable or responsible, as successor or otherwise, for any liabilities of the Debtor (other than the Assumed Liabilities), or any liabilities in any way whatsoever relating to or arising from the Debtor's assets, business, or operations, or

by virtue of the conveyance of the Acquired Assets to Purchaser (other than the Assumed Liabilities). The transfer of the Acquired Assets to the Purchaser, the assumption and assignment to the Purchaser of the Acquired Contracts, and the Assumed Liabilities taken by the Purchaser shall be free and clear of all Interests, and shall not cause the Purchaser to be liable for any claims against the Debtor or any of its predecessors or affiliates, except as expressly set forth in the APA as Assumed Liabilities, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date (as defined in the APA), now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date (as defined in the APA, except for those obligations that may be set forth in the Spirit Contract (as defined in the APA) or as Assumed Liabilities).

6. The Trustee is authorized to execute and deliver such documents, take or perform such acts, and do such other things as may be necessary to effect and carry out the provisions of the APA, all of the transactions related thereto and this Order.

7. Neither conversion of this case to a case under chapter 7 of the Bankruptcy Code nor dismissal of this case shall have any effect upon the rights of the Purchaser under or in connection with the APA or this Order, and the Purchaser shall be entitled to all of the rights and benefits afforded to it under (i) the APA, (ii) the instruments and documents executed or to be executed in connection with or pursuant to the APA, and (iii) this Order. The APA and this Order shall be binding upon and enforceable against any trustee appointed in this case or in any case to which this case may be converted. No plan of reorganization or liquidation filed or confirmed in this case shall alter in any way the terms of the APA or this Order, including (without limitation) any of the rights of the Purchaser under the APA or this Order. The

provisions of the APA and of this Order shall remain in full force and effect notwithstanding the confirmation of any plan. In the event of any conflict between the terms of the APA and the terms of any plan of reorganization or liquidation confirmed in this case, the terms of the APA shall govern and control. Each provision of this Order is a material inducement to the Purchaser to consummate the transactions contemplated by the APA and, therefore, the provisions of this Order are and shall be non-severable.

8. The assumption by the Debtor and assignment to the Purchaser of the Acquired Contracts is hereby authorized and approved. The non-debtor parties to the Acquired Contracts are bound to the Cure Amounts set forth in the Cure Amount Orders. The Purchaser shall be responsible for curing all pre-petition monetary and non-monetary defaults with respect to each of the Acquired Contracts in accordance with the APA.

9. All defaults or other obligations of the Debtor under the Acquired Contracts arising or accruing prior to the Closing Date shall be deemed cured, subject to the satisfaction of the provisions of the immediately preceding paragraph (relating to payment of the applicable cure amounts). As of the Closing, subject to the provisions of this Order, the Purchaser shall succeed to the entirety of the Debtor's rights and obligations in the Acquired Contracts. The Acquired Contracts shall be assigned to, and remain in full force and effect for the benefit of the Purchaser, in accordance with their respective or mutually agreed modified terms, notwithstanding any provision in any such Acquired Contract that prohibits, restricts, or conditions such assignment or transfer. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further claims or liability of any kind whatsoever with respect to the Acquired Contracts after such assignment to the Purchaser.

10. The Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code because: (a) Debtor and the Purchaser engaged in good faith, arm's length negotiations in connection with the APA; and (b) in the absence of a stay pending appeal, the Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the sale as contemplated by the APA at any time after the entry of this Sale Order, and such closing in the face of an appeal will not deprive the Purchaser of its status as a good-faith purchaser. The reversal or modification on appeal of the authorizations provided herein to consummate the sale shall not affect the validity of the sale to Purchaser, including the assumption and assignment of the Acquired Contracts.

11. Pursuant the Order dated January 9, 2018, Docket No. 885, K Investments Limited was designated as the "Back-Up Bidder" at the conclusion of the Auction on the terms of its last offer at the Auction as detailed on the record before the Court and set forth on exhibit CR#6. In the event the Purchaser fails to close, the Trustee is authorized to enter into agreements and close transactions substantially in the form of the APA, except as modified by the Back-Up Bidder's last offer made during the Auction, without further approval of the Court. Pursuant to the Court's January 9, 2018 Order, the Back-Up Bidder shall have three weeks to close its transaction with the Debtor following the elevation of the Back-Up Bidder's Bid to that of the successful bidder. The Back-Up Bid Expiration Date (as defined in the Bid Procedures Order, Docket No. 779) is extended through and including February 22, 2018. The protections and approvals provided in this Order shall govern any such sale to the Back-Up Bidder; provided, however, that if a conflict exists between this Order and the Back-Up Bidder's asset purchase agreement (and the financial terms set forth in CR#6), the Bank-Up Bidder's asset purchase agreement shall control.

12. This Court retains sole and exclusive jurisdiction to resolve any and all matters or disputes arising under or relating to the APA, the sale of the Acquired Assets, the assumption and assignment of the Acquired Contracts, the administration of the sales proceeds by the Trustee, the implementation, interpretation or enforcement of this Order, and the relief and protection afforded to the Purchaser by this Order.

13. This Order shall be effective and enforceable immediately upon entry and the 14-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby waived.

IT IS SO ORDERED, this _____ day of January, 2018.

THOMAS P. AGRESTI, JUDGE
UNITED STATES BANKRUPTCY COURT