EXHIBIT A
PROPOSED ORDER OF COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No: 17-20526-TPA |
| | : | |
| UNIQUE VENTURES GROUP, LLC | : | Chapter 11 |
| | : | |
| Debtor. | : | Doc. No. |
| | : | |
| | : | Related to Doc. Nos.: |
| ALBERT'S CAPITAL SERVICES, LLC, as Plan Administrator, | : | |
| | : | Hearing Date: September 12, 2018 |
| | : | |
| Movant, | : | Hearing Time: 10:00 AM |
| | : | |
| -vs- | : | Response Deadline: September 5, 2018 |
| | : | |
| 3D ACQUISITIONS, LLC; ACCESS POINT; BAINBRIDGE LP; BURGER KING CORPORATION; CASE, SABATINI & CO.; CONSTELLATION NE-GD; D3 INVESTMENT GROUP, LLC A/K/A DAMON'S OF WESTLAKE; DAMON'S RESTAURANT GROUP OF MIDDLEBURG HEIGHTS, LLC, A/K/A DAMON'S OF MIDDLEBURG HEIGHTS; DAMON'S RESTAURANT GROUP – SANDUSKY, LLC, A/K/A DAMON'S OF SANDUSKY; DENNIS ZARRELLI; DIRECT ENERGY BUSINESS MARKETING; DOMINION EAST OHIO; DUQUESNE LIGHT COMPANY; ELMHURST PROPERTY, INC.; ERIE WATER WORKS; FUTURE663, LLP; GARFIELD CLUB, L.P.; GERALD R. FRY & CO., INC.; GORDON & REESE, LLP; GREAT AMERICAN FINANCIAL SERVICES CORP.; J. MICHAEL SABATINI; JOSEPH E. RUSNOCK; LESF HOLDINGS, LLC; MARC GROUP, LLC; MICHAEL I. FRANGOULIS, JR.; MOOD MEDIA; NATIONAL FUEL; NATIONAL FUEL RESOURCES; NEW CARBON COMPANY, LLC; NIKI HOLDINGS, LP; ORACLE AMERICA, INC.; PATRICK JAMES ELLIOTT; PERKINS HOLDINGS, | : | |

1

| | |
|---|---|
| LLC; PERKINS RESTAURANT & BAKERY & MARIE CALLENDERS; PETER & CAROL KAPLAN; REINHART FOOD SERVICE; SABATINI FAMILY LTD. PARTNERSHIP; SPIRIT FINANCE ACQUISITIONS, LLC; SPIRIT MASTER FUNDING V, LLC; TIME WARNER CABLE; U.S. FOODS, INC.; WC ZABEL CO.; | : : : : : : : : : : |
| Respondents. | : |

## ORDER OF COURT

AND NOW, this ____ day of _____, 2018, upon due consideration of the foregoing *First Omnibus Objection of Albert's Capital Services, LLC, as Plan Administrator for Unique Ventures Group, LLC, to Certain Claims and Proofs of Claim (No Liability Claims, Insufficient Documentation Claims, Claims to be Adjusted)* (the "**Omnibus Objection**") filed by Albert's Capital Services, LLC (the "**Plan Administrator**"), any response(s) and/or objection(s) thereto, and after notice and hearing, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Omnibus Objection is GRANTED as set forth herein.

2. The Duplicate Claims identified on Schedule 1 to this Order are hereby DISALLOWED in their entirety. The Clerk is hereby DIRECTED to expunge the Duplicate Claims identified on Schedule 1 from the claims register for this case.

3. The Late Filed Claims identified on Schedule 2 to this Order are hereby DISALLOWED in their entirety. The Clerk is hereby DIRECTED to expunge the Late Filed Claims identified on Schedule 2 from the claims register for this case.

4. The No Liability Claims identified on Schedule 3 to this Order are hereby DISALLOWED in their entirety. The Clerk is hereby DIRECTED to expunge the No Liability Claims identified on Schedule 3 from the claims register for this case.

5. The Interest Claims identified on Schedule 4 to this Order are hereby DISALLOWED in their entirety. The Clerk is hereby DIRECTED to expunge the Interest Claims identified on Schedule 4 from the claims register for this case.

6. The Insufficient Documentation Claims identified on Schedule 5 to this Order are hereby DISALLOWED in their entirety. The Clerk is hereby DIRECTED to expunge the Insufficient Documentation Claims identified on Schedule 5 from the claims register for this case.

7. The Claims to be Adjusted identified on Schedule 6 to this Order are hereby REDUCED to the amounts identified by the Plan Administrator as Reduced Claims on Schedule 6 to this Order. The Clerk is hereby DIRECTED to modify the claims register for this case to such that the Claims to be Adjusted claims reflect the appropriate Reduced Claim. This Order shall be without prejudice to the Plan Administrator's rights to further object to the Reduced Claims.

8. This Order shall be effective immediately upon entry by the Court.

9. The Court retains jurisdiction of the interpretation, implementation, and enforcement of this Order.

BY THE COURT:

Thomas P. Agresti
United States Bankruptcy Judge

| Schedule 1 - Duplicate Claims ||||| 
|---|---|---|---|---|
| **Creditor** | **Scheduled Amount** | **Proof of Claim Amount** | **Proof of Claim Number** | **Basis for Objection** |
| Peter & Carol Kaplan<br>106 Mallard Lane<br>McMurray, PA 15317 | $150,000.00 | $162,000.00 | 13 | Upon review of the applicable documents relating to this claim, the Plan Administrator has determined that claim 13 is duplicative of claim 12. The basis of this objection is to disallow and expunge Claim 13. |

| Schedule 2 - Late Filed Claims ||||| 
|---|---|---|---|---|
| **Creditor** | **Scheduled Amount** | **Proof of Claim Amount** | **Proof of Claim Number** | **Basis for Objection** |
| Dennis Zarrelli<br>167 Nottingham Drive<br>Elyria OH 44035 | Not Scheduled | $0.00 | 96 | This claim was filed on August 14, 2017. The bar date for filing proofs of claims (for non-governmental claimants) was August 1, 2017. The Plan Administrator believes this claim should be disallowed and expunged as a late filed claim. |
| LESF Holdings, LLC<br>9358 Telstar Ave<br>El Monte, CA 91731 | Not Scheduled | $248,966.69 | 99 | This claim was filed on November 13, 2017, and amended on February 22, 2018. The bar date for filing proofs of claims (for non-governmental claimants) was August 1, 2017. The Plan Administrator believes this claim should be disallowed and expunged as a late filed claim. |
| Niki Holdings LP<br>11260 El Camino Real<br>Suite 220<br>San Diego, CA 92130 | Not Scheduled | $110,267.44 | 101 | This claim was filed on January 29, 2018. The bar date for filing proofs of claims (for non-governmental claimants) was August 1, 2017. The Plan Administrator believes this claim should be disallowed and expunged as a late filed claim. |

| Schedule 3 - No Liability Claims | | | | |
|---|---|---|---|---|
| **Creditor** | **Scheduled Amount** | **Proof of Claim Amount** | **Proof of Claim Number** | **Basis for Objection** |
| 3D Acquisitions, LLC<br>c/o Robert S. Bootay III, Esq.<br>6 Clairton Blvd<br>Pittsburgh, PA 15236 | Executory Contract | $223,162.66 | 3 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Access Point<br>P.O. Box 842447<br>Boston, MA 02284 | $17,572.00 | $17,572.00 | 48 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Bainbridge LP<br>10245 Nancy Drive<br>Meadville, PA 16335 | $2,131.00 | N/A | N/A | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Burger King Corporation<br>5505 Blue Lagoon Drive<br>Miami, FL 33126 | $139,431.00 | $139,431.00 | 94 | Upon review of the documents available relating to this claim, the Plan Administrator believes that the Debtor's Estate is not liable for this claim as a result of the sale approved in the CBK Futures, Inc., bankruptcy case, case number 17-16795-jps (Northern District of Ohio). |
| D3 Investment Group, LLC<br>a/k/a Damon's of Westlake<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 74 | Upon review of this claim, the Plan Administrator believes that the Estate has no liability on this claim arising from the asserted misrepresentations and fraud relative to the Damon's franchise agreement. |
| Damon's Restaurant Group Middleburg Heights, LLC<br>a/k/a Damon's of Middleburg Heights<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 73 | Upon review of this claim, the Plan Administrator believes that the Estate has no liability on this claim arising from the asserted misrepresentations and fraud relative to the Damon's franchise agreement. |
| Damon's Restaurant Group - Sandusky, LLC<br>a/k/a Damon's of Sandusky<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 72 | Upon review of this claim, the Plan Administrator believes that the Estate has no liability on this claim arising from the asserted misrepresentations and fraud relative to the Damon's franchise agreement. |
| Elmhurst Property, Inc.<br>2170 Millenium Blvd. Ste. K<br>Cortland, OH 44410 | $14,524.02 | $5,500.00 | 20 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |

| Creditor | Scheduled | Claimed | Claim # | Notes |
|---|---|---|---|---|
| Garfield Club LP<br>P.O. Box 823665<br>Philadelphia, PA 19182 | $4,959.00 | $4,959.00 | 77 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Gerald R. Fry Co., Inc.<br>170 Hadley Road<br>Greenville, PA 16125 | $2,800.00 | N/A | N/A | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Patrick James Elliott<br>c/o Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 71 | Upon review of this claim, the Plan Administrator believes that the Estate has no liability on this claim arising from the asserted misrepresentations and fraud relative to the Damon's franchise agreement. |
| Perkins Holdings, LLC<br>c/o Benson Mitchell<br>14875 NE Tangen Road<br>Newberg, OR 97132 | $4,347.33 | $20,675.00 | 75 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Perkins Rest & Bakery & Marie Callenders<br>6075 Poplar St.<br>Memphis, TN 38119 | $137,575.00 | $137,575.00 | 65 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Reinhart Food Service<br>226 East View Drive<br>Mt. Pleasant, PA 15666 | $260,586.00 | $260,586.00 | 61 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Spirit Finance Acquisitions, LLC<br>c/o Jared S. Roach, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 | Scheduled as Secured | $34,044.65 | 88 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| Spirit Master Funding V, LLC<br>c/o Jared S. Roach, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 | Not Scheduled | $372,786.00 | 87 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |
| U.S. Foods, Inc.<br>9399 W. Higgins Road<br>Des Plaines, IL 60018 | $1,768.47 | $505,507.12 | 38 | Upon review of the applicable documents relating to the sale of all or substantially all of the Debtor's assets, the Plan Administrator believes this claim was satisfied in connection with the sale. |

| Schedule 4 - Insufficient Documentation Claims ||||| 
|---|---|---|---|---|
| **Creditor** | **Scheduled Amount** | **Proof of Claim Amount** | **Proof of Claim Number** | **Basis for Objection** |
| Burger King Corporation<br>5505 Blue Lagoon Drive<br>Miami, FL 33126 | $139,431.00 | $337,211.54 | 94 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation.  Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment."  As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |
| D3 Investment Group, LLC<br>a/k/a Damon's of Westlake<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 74 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation.  Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment."  As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |

| Creditor | Scheduled | Claim Amount | Claim # | Reason |
|---|---|---|---|---|
| Damon's Restaurant Group Middleburg Heights, LLC a/k/a Damon's of Middleburg Heights<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 73 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation. Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment." As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |
| Damon's Restaurant Group - Sandusky, LLC a/k/a Damon's of Sandusky<br>Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | 72 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation. Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment." As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |

| Creditor | Scheduled | Claim Amount | Claim # | Reason |
|---|---|---|---|---|
| J. Michael Sabatini<br>4606 Brownsville Road<br>Pittsburgh, PA 15236 | Not Scheduled | $43,750.00 | 81 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation. Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment." As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |
| Marc Group, LLC<br>3323 Washington Rd, Ste 204<br>McMurray, PA 15317 | Not Scheduled | $20,000.00 | 30 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation. Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment." As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |

| Name/Address | Scheduled | Claimed | | Claim # | Explanation |
|---|---|---|---|---|---|
| Patrick James Elliott<br>c/o Patrick J. Milligan, Esq.<br>18615 Detroit Ave, Suite 201<br>Lakewood, OH 44107 | Not Scheduled | $250,000.00 | | 71 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation.  Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment."  As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |
| Perkins Rest & Bakery & Marie Callenders<br>6075 Poplar St.<br>Memphis, TN 38119 | | $137,575.00 | $138,631.56 | 65 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation.  Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment."  As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |

| | | | | |
|---|---|---|---|---|
| Sabatini Family Ltd. Partnership<br>4606 Brownsville Road<br>Pittsburgh, PA 15236 | Not Scheduled | $1,166,667.00 | 82 | Upon review of the claim as filed, the Plan Administrator is unable to determine the validity of a claim because of the lack of documentation. Official Form 410 - Proof of Claim requires filers to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 410 – Proof of Claim directs filers that, "[i]f the documents are not available, [to provide and] expla[nation] in an attachment." As a result of the lack of documentation filed with this claim, the Plan Administrator believes this claim should be disallowed and expunged from the claims register. |

| Schedule 5 - Interests, Not Claims | | | | |
|---|---|---|---|---|
| **Creditor** | **Scheduled Amount** | **Proof of Claim Amount** | **Proof of Claim Number** | **Basis for Objection** |
| Case/Sabatini<br>470 Streets Run Road<br>Pittsburgh, PA 15236 | Not Scheduled | $52,422.02 | 79 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |
| Case/Sabatini<br>470 Streets Run Road<br>Pittsburgh, PA 15236 | $2,546.00 | $2,546.46 | 80 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |
| Future663, LP<br>1000 Lengel Ave<br>Natrona Heights, 15065 | Not Scheduled | $75,000.00 | 43 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |
| J. Michael Sabatini<br>4606 Brownsville Road<br>Pittsburgh, PA 15236 | Not Scheduled | $43,750.00 | 81 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |
| Joseph E. Rusnock<br>312 Woodcrest Drive<br>Coraopolis, PA 15108 | Not Scheduled | $93,500.00 | 44 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |
| Michael I. Frangoulis, Jr.<br>Steven K. Kortanek<br>222 Delaware Ave, Suite 1401<br>Wilmington, DE 19801 | Not Scheduled | $0.00 | 85 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |

| | | | | |
|---|---|---|---|---|
| Sabatini Family Ltd. Partnership<br>4606 Brownsville Road<br>Pittsburgh, PA 15236 | Not Scheduled | $1,166,667.00 | 82 | Upon review of the applicable documents relating to this claim, the claimant appears to be either: (i) an "Insider" as defined in 11 U.S.C. §1(31); or (ii) a holder of a claim that is more appropriately characterized as equity.  As such, the Plan Administrator believes that this claim should not receive any distribution unless and until holders of allowed, general unsecured claims are paid in full. |

| Schedule 6 - Claims To Be Adjusted | | | | | | |
|---|---|---|---|---|---|---|
| Creditor | Scheduled Amount | Proof of Claim Amount | Proof of Claim Number | Basis for Objection | Reduced Claim Amount | Reduced Claim Number |
| Constellation NE-GD<br>Bank of America Lock Box Serv<br>15246 Coll<br>Chicago, IL 60693 | $5,401.00 | $6,304.92 | 52 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $5,401.00 | 52 |
| Direct Energy Business Marketing | $0.00 | $13,670.04 | 54 | Copies of invoices | 0 | 54 |
| Dominion east OH<br>Revenue Recovery<br>625 Liberty Avenue<br>Pittsburgh, PA 15222 | $394.00 | | | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | | |
| Dominion east OH<br>Revenue Recovery<br>625 Liberty Avenue<br>Pittsburgh, PA 15222 | $105.00 | | | | | |
| Dominion East Ohio<br>P.O. Box 26786<br>Richmond, VA 23261 | $668.00 | | | | | |
| Dominion East Ohio<br>P.O. Box 26786<br>Richmond, VA 23261 | $903.00 | | | | | |
| Dominion East Ohio<br>P.O. Box 26786<br>Richmond, VA 23261 | $824.00 | $4,070.79 | 34 | | $2,894.00 | 34 |
| Duquesne Light Company<br>c/o Bernstein-Burkley, P.C.<br>707 Grant St. Ste. 2200<br>Pittsburgh, PA 15219 | Not Scheduled | $185.04 | 78 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | 0 | 78 |
| Erie Water Works<br>340 W. Bayfront Parkway<br>Erie, PA 16570 | $0.00 | $888.68 | 67 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $0.00 | 67 |
| Gordon & Rees, LLP<br>707 Grant St. Ste 3000<br>Pittsburgh, PA 15219 | $20,534.00 | $30,352.85 | 15 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $20,534.00 | 15 |
| Great American Financial Services Corp.<br>Attn:  Peggy Upton<br>P.O. Box 609<br>Cedar Rapids, IA 52406 | Not Scheduled | $5,864.40 | 53 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules.  With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $0.00 | 53 |

| Name/Address | Scheduled | Claim Amount | Claim # | Explanation | Allowed | Claim # |
|---|---|---|---|---|---|---|
| Mood Media<br>P.O. Box 71070<br>Charlotte, NC 28272 | $3,645.00 | $7,289.70 | 24 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $3,645.00 | 24 |
| National Fuel<br>P.O. Box 371835<br>Pittsburgh, PA 15250 | $597.00 | | | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the | | |
| National Fuel Resources<br>P.O. Box 9072<br>Williamsville, NY 14231 | $418.00 | $6,683.37 | 33 | | $418.00 | 33 |
| New Carbon Company, LLC<br>Joseph T. Crowley<br>4101 William Richardson Dr<br>South Bend, IN 46628 | Not Scheduled | $1,654.00 | 32 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $0.00 | 32 |
| Oracle America, Inc., successor to MICROS Systems, Inc.<br>Shawn Christianson, Esq.<br>55 Second Street, 17th Fl<br>San Francisco, CA 94105 | $0.00 | $3,334.01 | 63 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $0.00 | 63 |
| Time Warner Cable<br>808 Wick Road<br>Youngstown OH 44505 | $87.00 | $11,207.07 | 84 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $87.00 | 84 |
| WC Zabel Co.<br>645 Market Street<br>Youngstown, OH 44501 | $16,715.00 | $40,019.60 | 40 | Upon review of the schedules and relevant documents filed in this case, the Plan Administrator has determined that the proof of claim amount is inconsistent with, and exceeds the value of, the claim as set forth on the Schedules. With full reservation of the Plan Administrator's rights to object to this claim on additional grounds, The Plan Administrator believes that the claim should be reduced to the amount set forth in the Debtor's schedules. | $16,715.00 | 40 |