IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-20526-TPA |
| | : | |
| UNIQUE VENTURES GROUP, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Related to Doc. Nos. 1282, 1398, 1408 & |
| | : | 1411 |
| _____ | : | |
| | : | Hearing Date: January 3, 2019 |
| RIBS OF WILMINGTON, INC., | : | |
| | : | Hearing Time: 10:00 a.m. |
| Movant, | : | |
| | : | Response Deadline: December 24, 2018 |
| -vs- | : | |
| | : | |
| ALBERT'S CAPITAL SERVICES, LLC, as | : | |
| Plan Administrator and | : | |
| DAMON'S OF NORTH AMERICA, LLC | : | |
| | : | |
| Respondents. | : | |

**MOTION OF RIBS OF WILMINGTON, INC. AND CONSENT OF PLAN ADMINISTRATOR TO (i) ASSIGN CLAIM OBJECTION TO MEDIATION, (ii) ORDER PARTICIPATION OF ADDITIONAL PARTY, AND (iii) STAY DISCOVERY AND OTHER SCHEDULING DEADLINES**

Ribs of Wilmington, Inc. ("**Wilmington**" or "**Movant**"), and with the consent of Albert Capital Services, LLC, as Plan Administrator (the "**Plan Administrator**"), hereby respectfully submits this motion (this "**Motion**"), pursuant to Rule 9019-2 of the Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Pennsylvania ("**W.PA.LBR**"), for an order (i) assigning to mediation (the "**Mediation**") the contested matter (the "**Contested Matter**") initiated by the *Objection of Albert Capital Services, LLC, as Plan Administrator, to Claim of Ribs of Wilmington, Inc. Filed at Claim No. 70-1* [Docket No. 1282] (the "**Claim Objection**"), filed by the Plan Administrator, (ii) pursuant to W.PA.LBR 9019-2(a), ordering the participation of Damon's of North America, LLC ("**DNA**") in the Mediation, and (iii) pursuant

to W.PA.LBR 9019-2(c), staying all discovery, pretrial, hearing dates and other scheduling set forth in the Court's Pretrial Scheduling Order and 7016(f) [Docket No. 1411] (the "**Scheduling Order**").[1]

In support of this Motion, Movant respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Section 502 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") and W.PA.LBR 9019-2 serve as the statutory bases for the relief requested herein.

### Concise Factual Background

5. On January 24, 2018, the Court entered its *Order Confirming Second (Amended) Chapter 11 Plan* [Docket No. 950] (the "**Confirmation Order**"). The Confirmation Order vested the Plan Administrator with the rights and powers set forth in the Plan Administrator Agreement, including the right to object to claims and settle, compromise, withdraw, or litigate to judgment such objections. *See* Plan Administrator Agreement, Article VI.

---

[1] Movant respectfully states that nothing herein or otherwise, including, without limitation, any later appearance, pleading, claim, or action, is intended or shall be deemed to be a waiver, release, or modification by Claimant of its: (a) right to have final orders entered after *de novo* review by a District Court Judge in any matter as to which such entry and review is required by Title 28 of the United States Code and/or the U.S. Constitution; (b) right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case; or (c) right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal.

6.      On January 29, 2018, the Court entered its *Order Authorizing Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests as well as Related Relief* [Docket No. 970].

7.      Upon Movant's information and belief, the sale of all or substantially all of the Debtor's assets closed on January 31, 2018, at which time the Plan went effective.

8.      By Order entered July 31, 2018 [Docket No. 1234], the Court set August 29, 2018, as the deadline for the Plan Administrator to file objections to certain claims. Pursuant to such Order, the Plan Administrator filed the Claim Objection on August 29, 2018.

9.      In response to the Claim Objection, Wilmington filed its *Ribs of Wilmington, Inc.'s (i) Response to Objection of Albert's Capital Services, LLC, as Plan Administrator for Unique Ventures Group, LLC, to Claim of Ribs of Wilmington, Inc. Filed at Claim No. 70-1 and (ii) Request for Application of Bankruptcy Rules 7019 and 7020* [Docket No. 1398] (the "**Objection Response**").

10.      On November 8, 2018, an initial hearing (the "**Initial Hearing**") on the Claim Objection was held. Appearing at the hearing were: counsel for the Plan Administrator, counsel for Wilmington, and Ronald T. Conway, Esq., in his capacity as counsel for DNA.[2]

11.      On November 9, 2018, the Court entered the Scheduling Order.

## Nature of the Dispute for Mediation

12.      As more fully set forth in Wilmington's Proof of Claim, Wilmington's claim is expressly contingent upon a determination by this Court (or another court of competent jurisdiction) that the Debtor is or was the owner of alleged franchisor's rights (the "**Putative**

---

[2] At the Initial Hearing, Mr. Conway advised the Court of his desire to "speak to" the Claim Objection. Mr. Conway also appeared at the hearing on the separate objection of the Plan Administrator [Docket No. 1280] to the claim of Conway Law Firm, LLC.

**Franchisor Rights**") under an undated and unsigned putative "Renewal Franchise Agreement" (the "**Putative Franchise Agreement**") under which Wilmington may be alleged to be the franchisee with respect to a restaurant owned by Wilmington, in Wilmington, Ohio.[3]

13. The Plan Administrator may claim that it is the owner of the Putative Franchisor Rights, and if so, may claim that Wilmington is liable under the Putative Franchise Agreement for certain amounts. If the Plan Administrator adopts this position, Wilmington would dispute such liability, and would assert counterclaims, and setoff and/or recoupment rights, as more fully set forth in its Proof of Claim.

14. DNA's involvement in this dispute arises from its contention that *DNA – not the Debtor –* is the owner of the Putative Franchisor Rights.[4]

15. Accordingly, a dispute exists, which directly implicates DNA, as to whether or not the Plan Administrator is entitled to seek to monetize the Putative Franchisor Rights as an asset to be administered under the Plan. Further, because the Plan Administrator and DNA may assert competing positions with respect to ownership of any Putative Franchisor Rights, Wilmington is potentially exposed to multiple and inconsistent liability.

### Request for Relief and Grounds Therefor

16. Movant seeks an order (a) assigning the Contested Matter to the Mediation, (ii) directing the participation of DNA in the Mediation, and (iii) staying all discovery, pretrial, hearing dates and other scheduling set forth in the Scheduling Order.

---

[3] As noted in Wilmington's Proof of Claim and Objection Response, Wilmington asserts that the Putative Franchise Agreement is unenforceable.

[4] For example, in several emails, most recently in November and December of 2018, from counsel for DNA to counsel for Wilmington, DNA claimed that Wilmington failed to pay "royalties" or "fees" and threatened to commence litigation against Wilmington.

17. Mediation is appropriate as an alternative dispute resolution process for the Contested Matter. The Contested Matter potentially involves numerous factual and legal issues which pertain to a period of time stretching back nearly 10 years. The disputes are complex and would be very costly and time-consuming to litigate to conclusion. And significantly, the dispute involves at least three parties such that a structured settlement process would further the possibility of a settlement with a minimum of expense.

18. W.PA.LBR 9019-2(a) expressly permits the Court to order DNA to participate in the Mediation. ("The Court may order additional parties to participate in the mediation as necessary.") DNA's participation in the Mediation is necessary. Absent a tripartite settlement, the likelihood of which would be enhanced by the Mediation, a court will be required to determine the ownership of the Putative Franchisor Rights as between the Debtor/Plan Administrator and DNA. Accordingly, absent a tripartite settlement, any settlement (at least one occurring prior to significant litigation) is likely not feasible.

19. Finally, W.PA.LBR 9019-2(c) supports Movant's request for a stay of the dates and deadlines under the Scheduling Order. ("The assignment to mediation stays all discovery, pretrial, hearing dates, and trial schedules.") Pursuant to W.PA.LBR 9019-2(c), Movants requests that the Court issue a scheduling order, including for the conclusion of the Mediation.

20. The Plan Administrator consents to the relief requested in this Motion.

[*Remainder of page intentionally blank*]

**Conclusion**

For the foregoing reasons, Movant respectfully requests that the Court enter an order (i) assigning the Contested Matter to the Mediation, (ii) directing the participation of DNA in the Mediation, (iii) staying all discovery, pretrial, hearing dates and other scheduling set forth in the Scheduling Order, and (iv) granting such other relief as the Court may deem appropriate. A form of proposed order granting this Motion is being filed contemporaneously herewith in accordance with the W.PA.LBR.

/s/ Jeffrey A. Marks
Jeffrey A. Marks (Admitted *pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio 45202
Telephone: (513) 723-4000
Facsimile: (513) 852-8491
E-mail: jamarks@vorys.com

-and-

Meredith J. Caplan
Pennsylvania Bar ID No. 321167
VORYS, SATER, SEYMOUR AND PEASE LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Telephone: (412) 904-7704
Facsimile: (412) 904-7804
E-mail: mjcaplan@vorys.com

*Counsel for Movant Ribs of Wilmington, Inc.*

CONSENTED TO BY:

/s/ Daniel R. Schimizzi
Daniel R. Schimizzi (PA ID No. 311869)
Kelly E. McCauley (PA ID No. 316535)
Michael J. Roeschenthaler (PA ID No. 87647)
WHITEFORD, TAYLOR & PRESTON, LLC
200 First Avenue, Third Floor
Pittsburgh, PA 15222
Telephone: (412) 275-2401
Facsimile:  (412) 275-2406
Email: dschimizzi@wtplaw.com
*Counsel for Plan Administrator*